UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No.

| | |
|---|---|
| KALI BOALT-BRITTAIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ADVANCE STORES COMPANY, INC.<br>　d/b/a ADVANCE AUTO PARTS,<br><br>　　　　Defendant. | **JURY TRIAL DEMANDED**<br><br>**COMPLAINT** |

Plaintiff Kali Boalt-Brittain ("Ms. Boalt-Brittain" or "Plaintiff") hereby complains and alleges against Defendant Advance Stores Company, Inc., doing business as Advance Auto Parts, ("Defendant") the following:

## INTRODUCTION

1.　Ms. Boalt-Brittain brings this action against Defendant for violations of Title VII of the Civil Rights Act of 1964, as amended, including the Pregnancy Discrimination Act of 1978 (42 U.S.C. §2000e *et seq.* - "Title VII") and the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.* - "FLSA").

2.　Defendant failed to provide Ms. Boalt-Brittain (as a nursing mother) reasonable break time and a private lactation room as required by law; Defendant further unlawfully subjected Ms. Boalt-Brittain to severe and pervasive harassment and demoted Ms. Boalt-Brittain based on, *inter alia*, Ms. Boalt-Brittain's gender, pregnancy, and her opposition to Defendant's unlawful conduct.

1

## THE PARTIES

3. Plaintiff Kali Boalt-Brittain is a female citizen and resident of North Carolina.

4. Defendant Advance Stores Company, Inc., doing business as Advance Auto Parts, ("Defendant") is a North Carolina corporation with its principal office in Roanoke, Virginia. Defendant operates over 5,000 stores and employs over 70,000 people throughout North America. Defendant owns and operates retail locations in North Carolina, including locations where Ms. Boalt-Brittain was employed.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 42 U.S.C.§2000e et. seq., because the claims brought herein constitute a federal question under the laws of the United States.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Ms. Boalt-Brittain was hired to work in this District and Defendant conducts business in this District.

## ADMINISTRATIVE EXHAUSTION

7. Ms. Boalt-Brittain has satisfied her obligation to exhaust her administrative remedies by timely filing a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation.

8. On or about January 8, 2020, Ms. Boalt-Brittain filed a Charge of Discrimination with the EEOC.

9. After investigation, the EEOC found cause and determined the "evidence supports [Ms. Boalt-Brittain]'s allegations" and that "there is reason to conclude [Defendant] violated Title VII." A copy of the EEOC's determination is attached hereto and made a part hereof as Exhibit A.

10. On or about December 8, 2020, the EEOC issued a Notice of Right to Sue and Ms. Boalt-Brittain timely brings this action within ninety (90) days of her receipt thereof.

11. Ms. Boalt-Brittain has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## FACTUAL ALLEGATIONS

12. In or about August of 2016, Ms. Boalt-Brittain was hired and began working for Defendant as a driver and sales associate.

13. In January of 2017, Defendant promoted Ms. Boalt-Brittain to the position of Commercial Parts Pro ("CPP") at its location in Leland, North Carolina ("Leland store").

14. As a CPP, Ms. Boalt-Brittain was part of the management team and responsible for growth of the professional business.

15. After being promoted, Ms. Boalt-Brittain performed her job as CPP well, receiving positive feedback and having no record of discipline.

16. In November of 2018, Ms. Boalt-Brittain gave birth to her child. In connection with the childbirth, she requested and took leave from work (protected by the Family and Medical Leave Act) beginning on or about November 15, 2018.

17. On or about February 5, 2019, following her leave for childbirth, Ms. Boalt-Brittain returned to work as CPP of Defendant's Leland store.

18. At the time of Ms. Boalt-Brittain's return from family leave, Defendant's General Manager of the Leland store was Edward O'Leary (male, "O'Leary") and the store was overseen by District Manager Nicholas Fetty (male, "Fetty").

19. When Ms. Boalt-Brittain returned to work in February of 2019 she was still actively nursing her infant child, which required a reasonable amount of break time and a private space for her to express milk as frequently as needed.

20. Upon Ms. Boalt-Brittain's return, she discussed her need for break time in order to express milk with both Fetty and O'Leary.

21. Shortly after Ms. Boalt-Brittain's return in February of 2019, O'Leary began making disparaging and insensitive comments about her need to express milk.

22. O'Leary would say things about Ms. Boalt-Brittain's need to express milk such as: "why can't you hold it?"; "hurry up"; and saying it was an inconvenience to him (O'Leary).

23. O'Leary's comments were made on a daily (or almost daily) basis and made in front of Ms. Boalt-Brittain, other employees, and customers.

24. Despite Ms. Boalt-Brittain's regular need to express milk, O'Leary (as the Leland store's General Manager) often failed to provide adequate worker coverage and breaks to enable Ms. Boalt-Brittain to do so.

25. Ms. Boalt-Brittain objected to O'Leary's conduct and made clear his comments were not welcome, attempting on multiple occasions to resolve the situation with him directly, explaining that his demeanor and comments were hurtful and created a perception that Ms. Boalt-Brittain was doing something wrong by needing to express milk. Nevertheless, O'Leary's comments did not relent and he continued failing to provide adequate breaks for Ms. Boalt-Brittain to express milk.

26. O'Leary's conduct sometimes forced Ms. Boalt-Brittain to delay expressing milk when needed. Such a delay caused Ms. Boalt-Brittain pain and discomfort and was detrimental to her health and wellbeing.[1]

27. After objecting to O'Leary's disparaging comments and treatment, Ms. Boalt-Brittain was told to clock out whenever she needed a break to express milk (of approximately 15 minutes), however, other male employees at the Leland store were able to take breaks of approximately 45 minutes in the bathroom without having to clock out.

28. On multiple occasions, Ms. Boalt-Brittain complained verbally to District Manager Fetty (O'Leary's superior) about O'Leary's disparaging conduct and failure to provide adequate breaks for her to express milk. Fetty assured Ms. Boalt-Brittain that the comments would stop and adequate breaks would be provided; however O'Leary continued and the issues persisted.

29. On August 26, 2019, Ms. Boalt-Brittain complained by email to Fetty about O'Leary's continued harassment, saying, in part:

> I am at my wits end...he [O'Leary] constantly makes me feel like I'm doing something wrong every time I go to pump...you assured me that Ed [O'Leary] will no longer announce me going to pump across the store, and you also assured me that you would make sure Ed has enough coverage in the store so Ed wouldn't freak out every time I go pump...he constantly belittles me and makes me feel like I'm doing something wrong. He also stated that he knows that if we are busy than I could wait until we got another team member in to cover. which he is a man, he doesn't know how much pain that causes when I can't express milk when I am engorged, he doesn't get that can cause a clogged duct which can lead to mastitis and put me in the hospital. I personally feel that this is harassment and that this goes against moral code and standards.

---

[1] In the summer of 2019, Ms. Boalt-Brittain was diagnosed with mastitis, an inflammation that can be caused by prolonged delay between expressing milk.

30. Despite Ms. Boalt-Brittain's continued pleas for help to District Manager Fetty over several months, O'Leary's harassment towards Ms. Boalt-Brittain's need to express milk continued.

31. In September of 2019, Ms. Boalt-Brittain inquired about a possible transfer to another store near her new home (in Hampstead, NC) to get away from O'Leary; however Defendant informed her that there was not a CPP or any other full-time position available there, so Ms. Boalt-Brittain had to remain in her position at the Leland store.[2]

32. On December 6, 2019, Ms. Boalt-Brittain complained by email to Adam Foster (Defendant's human resources) and Fetty, saying, in part:

> I have had an issue regarding me pumping since I came back from my maternity leave...every single day, twice a day when im allowed to pump, I get a smart comment or told to wait when I need to pump and express milk. This has been a daily issue for 9 months now...Nick [Fetty] assured me the harassment would stop, but it has not. It has gotten to the point where I would like a transfer to get out of this store because I cant handle his harassment any longer. It is not right nor fair for him to constantly belittle me and make me feel like crap every day when I have to pump milk for my son. Also, I have spoken with other breastfeeding mothers of advance auto, and I am the only one that is forced to clock out to pump, when I am only gone for 15 min to pump. I don't think that is fair at all that I am the only one that has to clock out and i constantly deal with him harassing me every day. I would like a transfer preferable to the hampstead store since that where I live.

33. On December 11, 2019, due to Defendant's apparent endorsement of O'Leary's continued harassment, Ms. Boalt-Brittain elevated her concerns within Defendant's human resources to Monica Ziegler (Vice President Human Resources Southern Division), saying, in part (emphasis added):

> I have had a reoccurring issue, that has been happening daily for over 9 months now. This is all over me pumping milk for my son...**I still deal with harassment on a daily [basis] from Ed [O'Leary]**, with his mean comments. I have sent an email last week to Nick

---

[2] Ms. Boalt-Brittain was able to commute from her new home in Hampstead to the Leland store.

Fetty and Adam Foster saying that this is a reoccurring issue and that if it doesn't get resolved than I would like a transfer. But me transferring doesn't resolve the issue of me being harassed for over 9 months now. **The only days I do not get harassed are the days he is not working**. After I sent the email last week to Nick [Fetty] and Adam, Nicks response was for me to call him after work, which I did, but when I spoke with him he didn't even bring up the harassment issue. Maybe I'm wrong, I don't know, but **I definitely feel that I shouldn't feel forced to leave my store and leave my team to stop the harassment**...being harassed on a daily is NOT OK. Should my next step be to file a lawsuit or charges? I have never done this before, and I don't know what else to do.

34. Despite Ms. Boalt-Brittain's repeated pleas for help to her District Manager (Fetty) and to Defendant's human resources, Defendant *still* did not adequately address or remedy the situation, instead trying to downplay Ms. Boalt-Brittain's concerns and allowing O'Leary's harassment to continue.

35. The only alternative Defendant gave Ms. Boalt-Brittain (other than continuing to suffer O'Leary's harassment and unlawful behavior) was to transfer her to another location and, in connection, demote her in position and reduce her pay rate and hours.

36. In an email to Fetty on December 19, 2019, Ms. Boalt-Brittain made clear that she was accepting the demotion in protest in order to get away from O'Leary: "I get that it is a part time position [available], but also think that it['s] not fair that I felt that I was forced into transferring just to get away from the harassment and not once have I received an apology for how I have been treated for so long."

37. Beginning on or about January 5, 2020, Ms. Boalt-Brittain began working at the Hampstead store location. She was demoted from CPP to Sales Associate, resulting in a significant reduction in pay and a loss of benefits.

38. On or about January 8, 2020, Ms. Boalt-Brittain filed a Charge of Discrimination with the EEOC against Defendant.

7

39. In Defendant's Position Statement to the EEOC in this matter (also referred to as an "Answer"), regarding O'Leary's conduct towards Ms. Boalt-Brittain, Defendant claims to have taken "appropriate action" by demoting O'Leary and stripping him of management responsibilities, however:

   a. Ms. Boalt-Brittain had made clear to Defendant she felt forced to take a demotion to escape O'Leary's harassment (continuing for over 9 months), yet Defendant did not tell her that O'Leary would soon not be her manager, instead Ms. Boalt-Brittain only found out several months later (*long after* she was forced to transfer out of her CPP position and she had filed a Charge with the EEOC);

   b. Ms. Boalt-Brittain would not have left her CPP position at the Leland store if she had known O'Leary would no longer be her manager; and

   c. Defendant did not offer Ms. Boalt-Brittain back her CPP position at the Leland store.[3]

40. As of the filing of this action, Ms. Boalt-Brittain remains employed by Defendant and continues to be paid significantly less than she did as CPP of Defendant's Leland store.

41. Ms. Boalt-Brittain therefore believes and avers that Defendant subjected her to harassment and demoted her based on her gender, pregnancy, and her opposition to Defendant's unlawful conduct.

**FIRST CLAIM FOR RELIEF**
**Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq. - "Title VII")**
**[1] Gender Discrimination; [2] Retaliation; and [3] Hostile Work Environment**

42. The foregoing paragraphs are incorporated herein as if set forth in full.

---

[3] Paradoxically, O'Leary became CPP of the Leland store - taking Ms. Boalt-Brittain's former position after O'Leary's harassment forced her into a demotion.

43. At all times relevant to this action, Ms. Boalt-Brittain was an "employee" covered by the protections of Title VII within the meaning of 42 U.S.C. § 2000e(f).

44. At all relevant times herein, Defendant employed at least 15 employees and is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

45. Ms. Boalt-Brittain is female and protected from discrimination on the basis of sex, gender, and pregnancy under Title VII.

46. Defendant subjected Ms. Boalt-Brittain to severe and pervasive harassment on the basis of her gender, with Defendant's manager (O'Leary) making disparaging comments on a daily (or near daily) basis about Ms. Boalt-Brittain's need to express milk as a nursing mother.

47. Ms. Boalt-Brittain repeatedly complained about Defendant's comments and made clear that they were unwelcome and hurtful.

48. After complaining about Defendant's discriminatory conduct, Ms. Boalt-Brittain was forced to clock in and out in order to express milk, unlike other male employees at the same store (who took even longer breaks in the bathroom while on the clock).

49. At times, Ms. Boalt-Brittain was prevented from taking necessary breaks to express milk, which caused her pain and negatively affected her health.

50. Ms. Boalt-Brittain repeatedly complained to Defendant's higher management and human resources about the harassment she was suffering towards her need to express milk and related interference with her necessary breaks as a nursing mother.

51. Despite Ms. Boalt-Brittain's repeated complaints, Defendant failed to remedy the situation, instead forcing Ms. Boalt-Brittain to accept a demotion for a lower position with less pay and benefits.

52. Defendant discriminated against Ms. Boalt-Brittain and subjected her to a hostile work environment on the basis of her gender.

53. Defendant retaliated against Ms. Boalt-Brittain after she opposed Defendant's unlawful conduct.

54. Defendant's actions were in violation of Title VII.

## SECOND CLAIM FOR RELIEF
**Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq. - "FLSA")**
**[1] "Reasonable break time for nursing mothers" violation and [2] Retaliation**

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. Defendant is an "employer" within the meaning of the FLSA and subject to its requirements. 29 U.S.C. § 203.

57. Ms. Boalt-Brittain is an "employee" within the meaning of the FLSA. 29 U.S.C. § 203.

58. The FLSA's "Reasonable break time for nursing mothers" provision (29 U.S.C. § 207(r)(1)), states:

An employer shall provide-

(A) a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk; and

(B) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

59. Ms. Boalt-Brittain was a nursing mother while employed with Defendant.

60. Defendant failed to provide reasonable break time for Ms. Boalt-Brittain to express milk each time she needed to.

61. Defendant failed to provide a place, other than a bathroom, that was shielded from view and free from intrusion from coworkers and the public, in order for Ms. Boalt-Brittain to express milk.

62. Ms. Boalt-Brittain opposed Defendant's violation of the FLSA, including specifically complaining about Defendant's failure to provide her with reasonable break time each time she needed to express milk.

63. Defendant retaliated against Ms. Boalt-Brittain, refusing to remedy her complaints of Defendant's continued unlawful behavior and eventually forcing Ms. Boalt-Brittain into a demotion.

64. Defendant's actions were in violation of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kali Boalt-Brittain respectfully requests that this Court enter judgment in her favor and grant her the following relief:

1. Order Defendant to compensate Ms. Boalt-Brittain, reimburse her, and make her whole for any and all pay and benefits she would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary/pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

2. Award Ms. Boalt-Brittain any and all other compensatory damages to make her whole for Defendant's illegal actions, including for her pain, suffering, and emotional distress;

3. Order Defendant to pay punitive damages to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

4. Award Ms. Boalt-Brittain liquidated damages for Defendant's violations of the FLSA;

5. Award Ms. Boalt-Brittain all reasonable costs and attorneys' fees incurred in connection with this action;

6. Award Ms. Boalt-Brittain injunctive relief to prohibit Defendant's further unlawful conduct in the future;

7. Award Ms. Boalt-Brittain pre-judgment and post-judgment interest at the highest rates allowed by law;

8. Order that the costs of this action be taxed against Defendant; and

9. Award Ms. Boalt-Brittain such other and further equitable and legal relief as available and appropriate under the circumstances.

## JURY TRIAL DEMANDED

Ms. Boalt-Brittain demands a trial by jury.

Respectfully submitted,

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB# 26590
GESSNERLAW, PLLC
1213 Culbreth Drive, Suite 426
Wilmington, North Carolina 28405
Tel: (844) 437-7637; Fax (980) 206-0286
Email: michelle@mgessnerlaw.com
*Attorney for Plaintiff*